# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 14-0298 JGB (DTBx) | Date | March 7, 2014 |
|---|---|---|---|

Title   *LNV Corporation v. Kelly L Randle, et al.*

---

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Minute Order REMANDING Action to California Superior Court for the County of Riverside (IN CHAMBERS)**

### I.   BACKGROUND

On June 7, 2013, Plaintiff LNV Corporation ("Plaintiff" or "LNV") filed a complaint for unlawful detainer ("Complaint") against Defendants Kelly L. Randle and Fred Mitchell ("Defendants") and fictitious defendants in the California Superior Court for the County of Riverside.  (Not. of Removal, Exh. A, Doc. No. 1.)  On July 5, 2013, Defendants removed the action to this Court.  LNV Corporation v. Kelly L Randle et al., 13-cv-01198 JGB (SPx) (C.D. Cal. Jun. 7, 2013).  Plaintiff filed a motion to remand the action back to state court on July 17, 2013.  Id. (Doc. No. 4.)  On August 7, 2013, this Court remanded the case back to Superior Court for the County of Riverside.  Id. (Doc. No. 5) (finding that the court lacked subject matter jurisdiction on the basis of federal question and diversity jurisdiction).

On October 7, 2013, Defendants again removed the same unlawful detainer action back to this Court.  LNV Corporation v. Kelly L Randle et al., 13-cv-01822 JGB (SPx) (C.D. Cal. Oct. 7, 2013), Doc. No. 1, Ex. A.  Once again, Plaintiff moved to remand the action back to state court on October 24, 2013.  Id. (Doc. No. 5.)  For the same reasons discussed in the prior remand order, the Court remanded the case back to state court.  Id. (Doc. No. 10.)

On January 14, 2014, Defendants removed the same unlawful detainer action to this Court for the third time.  LNV Corporation v. Kelly L Randle et al., 14-cv-0082 JGB (DTBx)

(C.D. Cal. Jan. 14, 2014).  For the third time, the Court remanded the action back to state court for lack of jurisdiction.

Defendants now make a fourth attempt to remove this identical action.  (Not. of Removal.)  For the reasons repeated four separate times, the Court remands.

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

Defendants allege removal is proper on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  For the reasons outlined below, the Court lacks subject matter jurisdiction over this unlawful detainer action.

### A.     Diversity Jurisdiction

Defendants allege that the basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Not. of Removal ¶ 3.)  Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the action be between citizens of different states.  28 U.S.C. § 1332(a).  Defendants allege they are citizens of California, while Plaintiff is a corporate citizen of Nevada.  (Not. of Removal ¶ 3(a).)

Jurisdiction, including the amount in controversy, is determined at the moment of removal.  See Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).  The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount other than that pled in the complaint.  Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 354 (1961); Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007).  In its Complaint, Plaintiff alleges damages at the rate of $74.00 from and including May 18, 2013 for each day Defendants are in possession of the Property.  (See Not. of Removal, Exh. A at 3.)  This value does not exceed $75,000.  Moreover, Plaintiff filed the action as a limited civil case.  See Cal. Code Civ. Proc. § 86 (classifying cases where the prayer is less than $25,000 as limited civil cases).  Consequently, it is clear that the

amount in controversy does not exceed $75,000[1], and the Court lacks diversity jurisdiction to hear the action.

## IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

The Court has cautioned Defendants three times that removing this identical unlawful detainer action to this Court without alleging a proper basis for jurisdiction would subject Defendants to sanctions. See, e.g., Quantum Servicing Corp. v. Castaneda, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (cautioning pro se defendant who removed an unlawful detainer action that "should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned."); SD Coastline v. Reyes, No. 10cv1824 LAB (AJB), 2010 WL 4009557, at *1 (S.D. Cal. Oct. 12, 2010) (cautioning pro se defendant who removed an unlawful detainer action two times that "[a]ny further removals in violation of [the order remanding the action] are punishable by sanctions."). The Court has also warned Defendants that the sanctions could include a declaration that Defendants are vexatious and thus may no longer file actions in this Court without prior written authorization from a judge or Magistrate Judge. L.R. 83-8.

Due to Defendants' failure to heed the Court's three prior warnings, the Court order warns Defendants that if they ever attempt to remove this action again in the future, the Court will entertain a motion by Plaintiff, upon proper notice to Defendants, for an order declaring them to be vexatious litigants.

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**

---

[1] In the Notice of Removal, Defendants assert that the amount in controversy exceeds $75,000 because they claim that the estimated property value of the Subject Property is $150,000. (Not. of Removal ¶¶ 4-5.) However, in an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. Federal Nat. Mortg. Ass'n v. Lemon, No. 11–03948, 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer actions remains the amount sought in the complaint, not the value of the property itself"). Accordingly, the property value does not change the fact that the affect the amount in controversy is less than $75,000.